SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-14-781

|  |  |
|---|---|
| | Opinion Delivered May 20, 2015 |
| DEBRA CLARK | APPEAL FROM THE ARKANSAS |
| APPELLANT | WORKERS' COMPENSATION COMMISSION |
| V. | [NO. G210725] |
| MICKEY'S SPECIAL AFFAIRS, INC., AND STATE FARM FIRE & CASUALTY CO. | |
| APPELLEES | AFFIRMED |

## BRANDON J. HARRISON, Judge

Debra Clark appeals the decision of the Arkansas Workers' Compensation Commission (the Commission), which found she did not prove (1) that she suffered compensable injuries to her back, right shoulder, or right knee; (2) entitlement to reasonable and necessary medical treatment of her back, right shoulder, or right knee; (3) entitlement to additional treatment of her cervical spine; and (4) entitlement to additional temporary total-disability (TTD) benefits. She argues that the Commission's decision is not supported by substantial evidence. We affirm.

Clark suffered a compensable injury to her cervical spine on 19 December 2012, after slipping and falling at work. She later claimed additional injuries to her back, right knee, and right shoulder, which were controverted. After a hearing, the administrative

SLIP OPINION

law judge (ALJ) found that Clark had not proved that she suffered a compensable injury to her back, right shoulder, or right knee. The ALJ found that the medical records were "devoid of any objective findings of a knee or shoulder injury" and that, while there were objective findings related to the back, namely spasms, these findings did not establish a compensable back injury given Clark's previous history of back complaints. Consequently, the ALJ found that Clark had not proved entitlement to medical treatment of her back, right shoulder, or right knee.

Regarding additional medical treatment of Clark's cervical spine, the ALJ found the following:

> I do not find that Dr. Sprinkle (who proposed only lumbar facet joint injections) or any other provider has recommended any additional treatment therefor. However, to the extent that she is seeking additional therapy or prescription medication that would address her neck condition, I do not find that such treatment is causally related to her compensable injury. I credit Dr. Cathey's opinion that Claimant reached maximum medical improvement as of August 6, 2013, and that the treatment proposed by Sprinkle would be geared solely to treatment of a pre-existing, degenerative condition. Also, while Claimant testified that she is still suffering from neck spasms, this is not borne out by Cathey's examination and report, which I credit. Therefore, I do not find such treatment to be reasonable and necessary.

Finally, regarding additional TTD benefits, the ALJ first noted that Clark reached maximum medical improvement (MMI) on August 6, 2013, so any request for TTD benefits from that date forward must fail. Clark's additional request for TTD benefits from January 6 to January 19, 2013, also failed because Clark did not prove she suffered a total incapacity to earn wages during that time.

The Commission affirmed and adopted the ALJ's opinion as its own. Under Arkansas law, the Commission is permitted to adopt the ALJ's opinion. *SSI, Inc. v. Cates*,

2009 Ark. App. 763, 350 S.W.3d 421. In so doing, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission. *Id.* Therefore, for purposes of our review, we consider both the ALJ's opinion and the Commission's majority opinion. *Id.*

It is the Commission's duty to make determinations of credibility, to weigh the evidence, and to resolve conflicts in medical testimony and evidence. *Martin Charcoal, Inc. v. Britt*, 102 Ark. App. 252, 284 S.W.3d 91 (2008). We review the Commission's decision in the light most favorable to its findings and affirm when the decision is supported by substantial evidence. *Parker v. Atl. Research Corp.*, 87 Ark. App. 145, 189 S.W.3d 449 (2004). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission, but whether reasonable minds could reach the result found by the Commission: if so, the appellate court must affirm. *Parker v. Comcast Cable Corp.*, 100 Ark. App. 400, 269 S.W.3d 391 (2007).

Though Clark has not arranged her arguments into specific points on appeal, she first generally argues that she did prove, by a preponderance of the evidence, compensable injuries, most notably a lumbar injury. She asserts that the medical evidence supports a finding that she not only experienced an aggravation of a 2010 injury caused by a motor-vehicle accident, but she also experienced new and acute symptoms as a result of the 2012 injury. Second, she argues that she is entitled to additional treatment of her cervical spine and discounts Dr. Cathey's opinion that she had reached MMI. And finally, she contends

that reversible error occurred when Mickey's failed to introduce her deposition testimony at the hearing before the ALJ.

Clark's arguments on the first and second points are essentially a reargument of the evidence presented to the ALJ. It is the Commission's duty to make determinations of credibility, to weigh the evidence, and to resolve conflicts in medical testimony and evidence, *see Martin Charcoal, Inc.*, *supra*, and we will not second-guess that determination. Viewing the Commission's decision in the light most favorable to its findings, we hold that the Commission's decision is supported by substantial evidence. Clark's final point is raised for the first time on appeal; thus, it is not preserved for our review. *See St. Edward Mercy Med. Ctr. v. Chrisman*, 2012 Ark App. 475, at 6, 422 S.W.3d 171, 175 ("In order to preserve an issue for appellate review in a workers' compensation case, it is a party's responsibility to present the issue to the Commission and obtain a ruling.").

Affirmed.

GLADWIN, C.J., and ABRAMSON, J., agree.

*Debra Clark*, pro se appellant.

*Worley, Wood & Parrish, P.A.*, by: *Melissa Wood*, for appellee.